The opinion of the Court was delivered by
MuÑro, J.
Assuming Massena Taylor, the defendant’s intestate, to have been guilty of the wrongful conversion of the slave, the subject-matter of this action, the question is, can trover be maintained against his legal representative ? Unless the affirmative of this proposition can be sustained, it • is clear that the plaintiff’s action must fail.
In 1 Chitty’s PI., p. 68, the rule is thus stated: “We have seen the right of action for the breach of a contract upon the death of either party, in general survives against the execu *285 tor or administrator of each ; but in the case of torts, where the action must be in form ex delicto, for the recovery of damages, and the plea is not guilty, the rule at common law was otherwise, it being-a maxim that actio personalis, &c.; and we shall find that the statute 4 Ed. 8 Ch. 7, has altered this rule only in its relation to personal property, and in favor of the personal representative; but if the action can be framed in form ex contractu, the rule does not apply.” Hambly vs. Nott, Administrator, 1 Cow., 371, is a case in which the whole doctrine was fully discussed by Lord Mansfield, who, in conclusion, remarks: “ There are express authorities, that trover and conversion does not lie against the executor. I mean where the conversion is by the testator, the form of the plea is decisive, viz, that the testator was not guilty; and the issue is to try the guilt of the testator, and no mischief is done; for so far as the cause of action does not arise ex delicto or ex maleficio of the testator, but is founded in a duty which the testator owes to the plaintiff upon the principle of civil obligation, another form of action may be brought, as an 'action for money had and received.” To the same effect will be found the case of the Executors of Middleton vs. Robinson (1 Bay. 56). From the foregoing authorities, it is then manifest that the plaintiff’s action has been entirely misconceived; and as no recovery can be had by him against the defendant in the present form of action, it is therefore ordered that judgment of nonsuit be entered.
O’Neall, Wardlaw, Withers, Whitner and Glover, JJ., concurred.

Motion granted.